MATTHEW D. METZGER (SBN 240437)
mmetzger@belvederelegal.com
BELVEDERE LEGAL, PC
1777 Borel Place, Suite 314
San Mateo, CA 94402
Telephone   (415) 513-5980
Facsimile:   (415) 513-5985

*Attorneys for Debtors-in-Possession*

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| | |
|---|---|
| **In re** | Case No. 19-41221 CN 11 |
| **AUSTIN, DARREN DWAYNE**<br>**AUSTIN, GANICE MORGAN** | Chapter 11 |
| Debtor(s).<br><br>**SSN: XXX-XX-0479**<br>**SSN: XXX-XX-0935** | **Date:**<br>**Time:**<br>**Place:** Courtroom 215<br>     1300 Clay Street<br>     Oakland, CA  94612<br>**Judge:** Hon. Charles Novack |

**APPLICATION TO EMPLOY KEVIN HESLIN AS LOAN BROKER**

1

The applicant Darren Dwayne Austin and Ganice Morgan Austin, the Debtor and Joint Debtor-in-Possession possession herein (the "Debtor" and/or "DIP" and/or "Applicant"), by and through his undersigned counsel, files this application (the "Application") respectfully seeking the entry of an order pursuant to section 327(a) of the Bankruptcy Code, and Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), authorizing the Debtor to retain and employ commercial loan broker Kevin Heslin, Owner and Principal of Church Capital Corporation, (the "Broker"), during the pendency of this chapter 11 case upon the terms and conditions summarized herein, and as further set forth in the terms outlined in the declaration of Mr. Heslin filed concurrently herewith and in support hereof.

## I. Jurisdiction

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157. This matter concerns the administration of the bankruptcy estate herein, and accordingly, this is a core proceeding pursuant to the provisions of 28 U.S.C. § 157(b)(2)(A) and (O), among other applicable provisions. Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409. The relief sought herein is requested pursuant to the provisions of Sections 327 of the Bankruptcy Code.

## II. Background

The record of the Bankruptcy Court, together with the Broker's Declaration filed concurrently herewith, establish the following pertinent facts:

1. The Debtors remain in possession of their estate and continue to operate and manage their business affairs.

2. It remains the Debtors' intent to propose an amended plan of reorganization for the treatment and disposition of all property and obligations within their estate.

3. The Debtors were compelled to file a bankruptcy case to enjoin a foreclosure sale.

4. Subject to court approval, the Broker will original a post-petition loan to cure arrears on the senior lien and refinance all junior liens on the real property of the Debtors' bankruptcy estate

2

commonly known as 958 Larkspur Rd., Oakland, CA 94610, APN 011-0890-004-00 (the "Subject Property").

5. The Debtors spoke with the Broker pre-petition but were unable to consummate the loan prior to the foreclosure sale date.

6. The only contingencies on the loan are: 1) court approval; 2) the loan will be in second position; 3) the fair market value of the Subject Property contains the requisite loan-to-value ("LTV") ratio.

7. The Broker will need to conduct an appraisal of the property to confirm the LTV ratio, before I can finalize the funding and the loan documents.

8. Due to the fact that the appraisal fee is only three-hundred ninety five dollars ($395.00), the Broker intends to have Church Capital Corporation to hire said appraiser and receive reimbursement for said expense through escrow.

9. Alternatively, if the Office of the United States Trustee (the "UST") or the Court object to the loan broker bearing the $395 appraisal cost and receiving reimbursement through escrow, I am informed that the Debtor can and will separately apply to employ the appraiser.

10. The name and contact information for said appraiser is as follows:
Sailesh Krishna
Blue Print Appraisals
7206 Nancy Pl,
Newark, CA 94560

11. Neither Church Capital Corporation nor the Broker are creditors of the estate.

### III. Application

12. By this Application, Applicant seeks to employ and retain the commercial loan broker Richard Judson as his commercial loan broker

13. The proposed loan agreement that the Broker's commission will be three percent (3%) of the funded loan amount, plus expense reimbursement, payable directly out of escrow, provided the Court enters an order approving the Debtors' anticipated motion for approval of post-petition financing.

3

14. The compensation structure is reasonable, standard, and in accordance with commercial lending practice

15. As set forth in more detail in the accompanying Broker's Declaration, the Broker does not believe that there exists any conflict that would prevent said Broker from adequately representing the interests of the Debtors' estate.

16. To the best of the Broker's knowledge, information, and belief, the Broker has no connection with the Debtors, their creditors, or any other parties in interest or his respective attorneys except for as set forth in the Broker's Declaration.

17. To the best of the Debtors' knowledge, information, and belief, the Broker not a creditor or insider of the Debtor except as set forth in the Broker's Declaration.

18. To the best of the Debtors' knowledge, information and belief, the Broker does not represent or hold any interest which is adverse to the Debtor or his estate with respect to the matters on which the Broker is to be employed.

19. The Broker has no connection with the Debtor, or his creditors, attorneys, or accountants, the United States Trustee, or any person employed with the Office of the United States Trustee, and is a "disinterested person" within the meaning of 11 U.S.C. § 101(14) and as required by 11 U.S.C. § 327(a).

20. The Debtors find the Broker to be well-qualified to represent them in connection with the commercial loan transaction described herein, and regards the retention of Broker as necessary and in the best interests of the Debtors, their estate, and the estate's creditors.

21. The Broker will be compensated for services rendered in connection with this case in accordance with, the terms and conditions set forth in the Agreement, the Bankruptcy Code, the Bankruptcy Rules, and the local rules and orders of this Court. As set forth in the Agreement, the Broker has agreed to charge the Debtor a commission of three percent (3%) of the funded loan amount, which amount is reasonably estimated at four-hundred thousand dollars ($400,000.00). Thus, the anticipated broker commission will be twelve thousand dollars ($12,000). Said rate, as set forth in the Agreement, are reasonable and standard according to commercial lending practices.

4

## IV. Conclusion

WHEREFORE, the Debtors respectfully submit that it the best interests of DIP's creditors and all parties-in-interest are served by employing the Broker as a commercial loan broker, and request that the Court approve the application and order the following:

1. That the Debtors are authorized to retain and employ the Brokers on the terms and conditions summarized herein and set forth in the Agreement;

2. That the Broker is authorized to receive the loan commission directly out of escrow, provided that the court approve the Debtors' anticipated motion for approval of post-petition financing.

3. For such further relief as this Court deems just and proper.

Dated: June 11, 2019                    BELVEDERE LEGAL, PC


   /s/ Matthew D. Metzger
Matthew D. Metzger, Esq.
*Attorneys for Debtors-in-Possession*

5