MATTHEW D. METZGER (SBN 240437)
mmetzger@belvederelegal.com
BELVEDERE LEGAL, PC
1777 Borel Place, Suite 314
San Mateo, CA 94402
Telephone:    (415) 513-5980
Facsimile:    (415) 513-5985

*Attorneys for Debtors-in-Possession*

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| | |
|---|---|
| **In re** | Case No. 19-41221 CN 11 |
| **AUSTIN, DARREN DWAYNE**<br>**AUSTIN, GANICE MORGAN** | Chapter 11 |
| **Debtor(s).** | **Date:** June 27, 2019<br>**Time:** 10:00 a.m.<br>**Place:** Courtroom 215<br>    1300 Clay Street<br>    Oakland, CA 94612 |
| **SSN: XXX-XX-0479**<br>**SSN: XXX-XX-0935** | **Judge:** Hon. Charles Novack |

## CONSOLIDATED MOTION TO:
## 1) EXTEND AUTOMATIC STAY AS TO JOINT DEBTOR GANICE MORGAN AUSTIN; AND
## 2) IMPOSE AUTOMATIC STAY AS TO DEBTOR DARREN DWAYNE AUSTIN; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

The above referenced Debtors and Debtors in Possession in bankruptcy ("DIP" and/or "Debtors") hereby move this Court on a consolidated basis to extend the automatic stay of 11 U.S.C. § 362(a) as to Joint Debtor Ganice Morgan Austin and to impose the automatic stay as to Debtor Darren Dwayne Austin as to all creditors (the "Motion"). Said Motion is based on the Declaration of Darren Dwayne Austin, the Declaration of Ganice Morgan Austin, both filed and served contemporaneously herewith and incorporated herein via reference, as well as the

-1-

Case: 19-41221    Doc# 21    Filed: 06/13/19    Entered: 06/13/19 16:06:22    Page 1 of 9

memorandum of points and authorities contained herein. Said Motion is also based on the Application to Employ Kevin Heslin as Loan Broker (Dkt No. 17, 17-1) as well as the filed bankruptcy schedules.

## I.   JURISDICTION AND VENUE

This Court has jurisdiction to hear and determine this Motion pursuant to 28 U.S.C. §§ 1334 and 157. The Court's consideration of this Motion is a core proceeding under 28 U.S.C. § 157(b). Venue of this proceeding is proper in this district under 28 U.S.C. §§ 1408 and 1409. The statutory authority for the Motion is 11 U.S.C. § 362(c) (3) (B) and Bankruptcy Local Rule 4001-2.

## II.  STATEMENT OF FACTS

1.      As explained hereinbelow and in the accompanying declarations, the Debtors filed the instant chapter 11 case on May 28, 2019 to enjoin a foreclosure sale date that senior lienholder Patelco Credit Union ("Patelco") had set for May 29, 2019.

2.      Patelco refused to grant a continuance, despite the fact that the Debtors had demonstrated to Patelco that the Debtors had a refinance loan pending that would cure all arrears and reinstate the loan.

3.      Patelco also appeared to have rescined its prior Notice of Default ("NOD") on May 7, 2019 and proceeded regardless with a new sale date on May 29, 2019 without recording a new sale date; the DIP is presently Patelco's potential liability for wrongful foreclosure or other claims based on this course of action taken.

4.      Within eight (8) years of the petition date, we had filed and/or had active the following single and/or joint bankruptcy cases. Said chart identifies the reason and timing of the dismissal of case:

| Petition Date | Debtor(s) | Chapter | Date Filed | Date Dismissed | Cause |
|---|---|---|---|---|---|
| 11-47516 | Ganice Morgan Austin and Darren D. Austin | 13 | 7/15/11 | 12/13/11 | Case dismissed *pre-confirmation* for failure to make plan payments. |

| | | | | | Dkt. No. 65. |
|---|---|---|---|---|---|---|
| 15-42735 | Ganice Morgan Austin | 13 | 9/3/15 | 8/17/17 | Case dismissed *post-confirmation* for failure to make plan payments. Dkt. No. 100. |
| **DATE OF FILING OF INSTANT CHAPTER 11 CASE – MAY 28, 2019** | | | | | |
| 17-43173 | Darren Dwayne Austin and Ganice Morgan Austin | 13 | 12/27/17 | 6/20/18 | Case dismissed *post-confirmation* for failure to make plan payments. Dkt. No. 70. |
| 18-41541 | Darren Dwayne Austin | 13 | 7/3/18 | 7/19/2018 | Case dismissed pre-confirmation for failure to file balance of schedules, etc. Dkt. No. 14 |

5.       For a detailed description of Case No. 18-41541, please see the Declaration of Darren Dwayne Austin, filed contemporaneously herewith.

6.       The Debtors filed the instant Chapter 11 case on May 28, 2019 to enjoin a Trustee foreclosure sale that senior lienholder Patelco Credit Union ("Patelco") had scheduled for May 29, 2019.

7.       The Debtors filed the case under Chapter 11 for three (3) reasons:

   a.   In light of the prior filings, the Debtors wanted to demonstrate our pledge to act in good faith as fiduciary of the chapter 11 estate to prosecute and chapter 11 plan of reorganization that would propose a 100% dividend on all allowed claims; in the event that we are unsuccessful, the case would likely be converted to chapter 7, at which time, creditors would be protected by the fiduciary duties of a chapter 7 trustee.

Case: 19-41221    Doc# 21    Filed: 06/13/19    Entered: 06/13/19 16:06:22    Page 3 of 9

b.  In light of the Joint Debtor's commission based income as a real estate agent, a chapter 11 plan based on quarterly plan payments is far more feasible than the monthly requirements of a chapter 13 plan.

c.  The Debtors qualify as small business debtors – thereby relieving the Office of the United States Trustee of the requirement to solicit a creditor's committee.

8.  The Debtors tried very hard prior to filing the instant case to persuade Patelco for a short continuance in light of our pending refinance through Mr. Kevin Heslin and Church Capital Corporation ("Church Capital").

9.  The Debtors timely filed the balance of schedules by June 11, 2019.

10.  The Debtors timely complied with requirements of the Office of United States Trustee (the "UST") to shut down pre-petition bank accounts and to timely produce all required documents to the UST by the UST's June 12, 2019 noon deadline.

11.  The Debtors have also quickly complied with the administrative requirements of a small business chapter 11 case, regarding the employment of professionals.

12.  The Debtors have filed an application to employ Chapter 11 Debtors' counsel (Dkt No. 16).

13.  The Debtors have filed an application to employ Kevin Heslin as Loan Broker counsel (Dkt No. 17).

14.  Mr. Heslin's filed declaration confirms that Mr. Heslin has confirmed a willing investor to fund a four-hundred thousand dollar ($400,000.00) loan, subject only to three (3) contingencies: 1) bankruptcy court approval; 2) an appraisal, to confirm loan to value ratio; 3) confirmation that the loan will be in second position.

15.  The Joint-Debtor's declaration with sdemonstrates the feasibility of said post-petition refinance as well as the feasibility of funding a chapter 11 plan that would provide for a 100% dividend on all allowed claims.

### III. RELIEF REQUESTED

By this Motion, the Debtor seeks an order extending the automatic stay as to Joint Debtor Ganice Morgan Austin and imposing the automatic stay as to Debtor Darren Dwayne Austin.

### IV. DISCUSSION

As the above chart indicates, Darren Dwayne Austin had two (2) bankruptcy cases dismissed within one (1) year of the 5/28/2019 petition date and Joint-Debtor Ganice Morgan Austin had one bankruptcy cases dismissed within one (1) year of the 5/28/2019 petition date. The reasons for the dismissal of both cases are described hereinabove. Based on the foregoing, the automatic stay terminates on the 30th day after the petition date as to the Joint-Debtor. 11 USC § 362(c) (3) (A). Additionally, unless a new automatic stay is imposed, no automatic stay presently exists as to the Debtor.

The Court may extend the stay upon noticed motion filed by the DIP or other party in interest demonstrating that the instant filing is in good faith as to the creditors to be stayed. 11 USC § 362 (c) (3) (B). Additionally, the presumption of lack of good faith does not apply where the Debtor's prior Chapter 7, 11 or 13 case was dismissed due to the creation of a debt repayment plan. 11 USC § 362(i). The Joint-Debtor's prior case was dismissed post-confirmation for failure to make plan payments. Thus, the presumption of bad faith applies only to the Debtor, not the Joint-Debtor. Additionally, the verifying declarations demonstrate convincingly that the Debtor and Joint Debtor have rehabilitated themselves and filed a new (and final) chapter 11 case to feasibly pay all their allowed claims and save their home. The Debtors' new chapter 11 filing demonstrates good faith and the relief requested is well taken. 11 U.S.C. § 105(a).

A proposed form of order is attached hereto as Exhibit A.

/ / /

/ / /

/ / /

## CONCLUSION

WHEREFORE, PREMISES CONSIDERED, Debtor prays for an order

1)  extending the automatic stay  as to Joint Debtor Ganice Morgan Austin;

2)  imposing the automatic stay as to Debtor Darren Dwayne Austin; and

2) for such further relief as the Court deems just, necessary and proper.

Respectfully submitted this 13th day of June, 2019.

BELVEDERE LEGAL, PC

By:_____/s/ *Matthew D. Metzger*_____
      MATTHEW D. METZGER
      *Attorneys for Debtors-in-Possession*

# EXHIBIT A

MATTHEW D. METZGER (SBN 240437)
mmetzger@belvederelegal.com
BELVEDERE LEGAL, PC
1777 Borel Place, Suite 314
San Mateo, CA 94402
Telephone:  (415) 513-5980
Facsimile:   (415) 513-5985

*Attorneys for Debtors-in-Possession*

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| **In re** | Case No. 19-41221 CN 11 |
| **AUSTIN, DARREN DWAYNE**<br>**AUSTIN, GANICE MORGAN** | Chapter 11 |
| **Debtor(s).** | **Date:**  June 27, 2019<br>**Time:**  10:00 a.m.<br>**Place:**  Courtroom 215 |
| **SSN: XXX-XX-0479**<br>**SSN: XXX-XX-0935** | 1300 Clay Street<br>Oakland, CA 94612<br>**Judge:** Hon. Charles Novack |

## ORDER GRANTING
## CONSOLIDATED MOTION TO: 1) EXTEND AUTOMATIC STAY AS TO JOINT DEBTOR GANICE MORGAN AUSTIN; AND
## 2) IMPOSE AUTOMATIC STAY AS TO DEBTOR DARREN DWAYNE AUSTIN

On June 27, 2019 at 10:00 a.m., the Court heard the above-captioned Debtors and Debtors-in-Possession's Consolidated Motion to: 1) Extend Automatic Stay as to Joint Debtor Ganice Morgan Austin; and 2) Impose Automatic Stay as to Debtor Darren Dwayne Austin (the "Motion").   Appearances were noted on the record.

Notice being proper, and good cause appearing, the court GRANTS the motion as to all creditors.  Until or unless the Court order otherwise, the automatic stay under 11 U.S.C. § 362(a) shall be imposed as to Debtor Darren Dwayne Austin and shall remain in effect as to Joint-Debtor Ganice Morgan Austin.

** END OF ORDER **

-1-

Case: 19-41221   Doc# 21   Filed: 06/13/19   Entered: 06/13/19 16:06:22   Page 8 of 9

COURT SERVICE LIST

Case: 19-41221     Doc# 21     Filed: 06/13/19     Entered: 06/13/19 16:06:22     Page 9 of 9