MATTHEW D. METZGER (SBN 240437)
mmetzger@belvederelegal.com
BELVEDERE LEGAL, PC
1777 Borel Place, Suite 314
San Mateo, CA 94402
Telephone: (415) 513-5980
Facsimile: (415) 513-5985

*Attorneys for Debtors-in-Possession*

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| **In re**<br><br>**AUSTIN, DARREN DWAYNE**<br>**AUSTIN, GANICE MORGAN**<br><br>   **Debtor(s).**<br><br>**SSN: XXX-XX-0479**<br>**SSN: XXX-XX-0935** | Case No. 19-41221 CN 11<br><br>Chapter 11<br><br>**Date:** June 27, 2019<br>**Time:** 10:00 a.m.<br>**Place:** Courtroom 215<br>    1300 Clay Street<br>    Oakland, CA 94612<br>**Judge:** Hon. Charles Novack |

## DECLARATION OF GANICE MORGAN AUSTIN
## IN SUPPORT OF
## CONSOLIDATED MOTION TO: 1) EXTEND AUTOMATIC STAY AS TO JOINT DEBTOR GANICE MORGAN AUSTIN; AND
## 2) IMPOSE AUTOMATIC STAY AS TO DEBTOR DARREN DWAYNE AUSTIN

I, Ganice Morgan Austin, declare as follows:

   1.   I am the Joint Debtor-in-Possession in the above-captioned chapter 11 bankruptcy case. I make this declaration in support of the Debtors' Consolidated Motion to: 1) Extend Automatic Stay as to Joint Debtor Ganice Morgan Austin; and 2) Impose Automatic Stay as to Debtor Darren Dwayne Austin. I have personal knowledge of the matters stated herein and if called as a witness, I could and would competently testify to the following.

   2.   We filed the instant chapter 11 bankruptcy case on May 28, 2019 (the "petition date").

1

3. Within eight (8) years of the petition date, we had filed and/or had active the following single and/or joint bankruptcy cases. Said chart identifies the reason and timing of the dismissal of case:

| Petition Date | Debtor(s) | Chapter | Date Filed | Date Dismissed | Cause |
|---|---|---|---|---|---|
| 11-47516 | Ganice Morgan Austin and Darren D. Austin | 13 | 7/15/11 | 12/13/11 | Case dismissed *pre-confirmation* for failure to make plan payments. Dkt. No. 65. |
| 15-42735 | Ganice Morgan Austin | 13 | 9/3/15 | 8/17/17 | Case dismissed *post-confirmation* for failure to make plan payments. Dkt. No. 100. |
| **DATE OF FILING OF INSTANT CHAPTER 11 CASE – MAY 28, 2019** | | | | | |
| 17-43173 | Darren Dwayne Austin and Ganice Morgan Austin | 13 | 12/27/17 | 6/20/18 | Case dismissed *post-confirmation* for failure to make plan payments. Dkt. No. 70. |
| 18-41541 | Darren Dwayne Austin | 13 | 7/3/18 | 7/19/2018 | Case dismissed pre-confirmation for failure to file balance of schedules, etc. Dkt. No. 14 |

4. For a detailed description of Case No. 18-41541, please see the Declaration of Darren Dwayne Austin, filed contemporaneously herewith.

5. Based on the foregoing, Darren Dwayne Austin had two (2) bankruptcy cases dismissed within one (1) year of the 5/28/2019 petition date.

6. Based on the foregoing, Joint-Debtor Ganice Morgan Austin had one bankruptcy cases dismissed within one (1) year of the 5/28/2019 petition date.

1

Case No. 19-41221 CN 11; *In re Austin*
Declaration of Ganice Morgan Austin

### *The Present Case*

7. We filed the instant Chapter 11 case on May 28, 2019 to enjoin a Trustee foreclosure sale that senior lienholder Patelco Credit Union ("Patelco") had scheduled for May 29, 2019.

8. We filed the case under Chapter 11 for three (3) reasons:

   a. In light of the prior filings, we wanted to demonstrate our pledge to act in good faith as fiduciary of the chapter 11 estate to prosecute and chapter 11 plan of reorganization that would propose a 100% dividend on all allowed claims; in the event that we are unsuccessful, the case would likely be converted to chapter 7, at which time, creditors would be protected by the fiduciary duties of a chapter 7 trustee.

   b. In light of my commission based income as a real estate agent, a chapter 11 plan based on quarterly plan payments if far more feasible for me than the monthly requirements of a chapter 13 plan.

   c. We qualify as a small business debtor – thereby relieving the Office of the United States Trustee of the requirement to solicit a creditor's committee.

9. We tried very hard prior to filing the instant case to persuade Patelco for a short continuance in light of our pending refinance through Mr. Kevin Heslin and Church Capital Corporation ("Church Capital").

10. Although Church Capital provides business loans, I have confirmed that Church Capital agreed that I qualify for a business loan due to my independent contractor income as a real estate sale agent and as a design consultant.

11. When Patelco refused to consult the May 29, 2019 sale date, we filed an emergency chapter 11 case on May 28, 2019.

12. We timely filed the balance of schedules by June 11, 2019.

13. We timely complied with requirements of the Office of United States Trustee (the "UST") to shut down pre-petition bank accounts and to timely produce all required documents to the UST by the UST's June 12, 2019 noon deadline.

2

14. As of this writing, the only documents we still have to produce are 90 days of bank statements for two (2) bank accounts; we have already produced bank account data for every other account.

15. We have also quickly complied with the administrative requirements of a small business chapter 11 case, regarding the employment of professionals.

16. We have filed an application to employ Chapter 11 Debtors' counsel (Dkt No. 16).

17. We have filed an application to employ Kevin Heslin as Loan Broker counsel (Dkt No. 17).

18. Mr. Heslin's filed declaration confirms that Mr. Heslin has confirmed a willing investor to fund a four-hundred thousand dollar ($400,000.00) loan, subject only to three (3) contingencies: 1) bankruptcy court approval; 2) an appraisal, to confirm loan to value ratio; 3) confirmation that the loan will be in second position.

19. Regarding loan to value ratios, on Schedule A we valued the real property commonly known as 958 Larkspur Rd., Oakland, CA 94610 (the "Subject Property") at $2,178,656.00

20. Said valuation was based on my knowledge of the area, as a real estate agent.

21. Said valuation also was based on available online comparable market indexes. Attached as Exhibit A is a true and correct copy of a report from Zillow.com confirming a rough valuation at the same fair market value.

22. Based on the filed Schedule D (which itself was based on the preliminary title report we have shared with the UST) as well as Patelco's updated payoff statement, the total lien level on the property is approximately as follows:

| No. | Lienholder | Amount |
|---|---|---|
|  | Property Estimated Fair Market Value | $2,178,656.00 |
| 1 | Patelco Credit Union | $903,541.56 |
| 2. | All involuntary junior encumbrances | $86,863.58 |
|  | Net Equity | $1,188,250.86 |
|  | Amount of Anticipated New Junior Loan | $400,000.00 |

3

23. The amount of arrears necessary to pay to reinstate the senior Patelco lien is approximately $234,145.54. Attached as Exhibit B is a true and correct of Patelco's reinstatement letter, good through June 30, 2019.

24. Thus, the $400,000 loan would be sufficient to reinstate Patelco and pay off all other junior encumbrances on the Subject Property.

25. Once the Patelco's lien is reinstated, the amount of Patelco's remaining lien would be between $669, 396.04 - $789,435.17 – subject to confirmation with Patelco.

26. The combined loan to value for the new junior lien would thus be, at most $789,435.17 + $400,000, or $1,189,435.17 / $2,178,656.00

27. Said numbers demonstrate a new combined loan to value for the new junior loan of approximately 55%.

28. While said numbers are only estimates, said numbers demonstrate the feasibility of the loan based on a fair market value appraisal.

29. Mr. Heslin has ordered an appraisal to occur next week.

30. Based on the foregoing, we reasonably anticipate that we can file the motion for post-petition financing by or before June 30, 2019.

31. The filed Statement of Financial Affairs, Schedule I/J, as well as the Chapter 11 Statement of Current Monthly Income demonstrate the significant income we generate to present said loan as a new loan.

32. One information distinction however that I would like to make: the interest only payments on the new proposed loan will be approximately $4,000 monthly (not the $2,500 estimated in Mr. Heslin's original HUD statement).[1]

33. The contingent-nature of my commission based income is best measured on a quarterly basis; however, the filed schedules demonstrate what I have earned in the last few years and what I will earn on average on a monthly basis doing forward.

---

[1] We revised the numbers and increased the amount of the proposed loan, thereby generating the need for an appraisal, in order to convincingly demonstrate that we could pay all junior encumbrances and reinstate Patelco's senior lien; thus, a new HUD statement will show a $4,000 anticipated payment.

4

Case No. 19-41221 CN 11; *In re Austin*
Declaration of Ganice Morgan Austin

34. Based on the same actual averages, I have generated a Post-Petition Cash Receipts and Cash Disbursements, which we timely produced to the UST. A true and correct copy of said document is attached hereto as Exhibit C.

35. Based on the foregoing, we have sufficient disposable income to pay both the Patelco senior lien and the new junior lien (interest-only) going forward.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this declaration was executed on June 13, 2019 at Oakland, California.

                                                                                              /s/ *Ganice Morgan Austin*
                                                                                               Ganice Morgan Austin

# EXHIBIT A



CORRECT HOME FACTS ♡ SAVE ✉ SHARE MORE ▾ EXPAND ✕ CLOSE

Public View Owner View California · Oakland · 94610 · Trestle Glen · 958 Larkspur Rd

Public View Owner View

Street View

# 958 Larkspur Rd Oakland, CA 94610

4 beds · 3 baths · 2,782 sqft

OFF MARKET

Zestimate®: $2,178,656

Rent Zestimate®: $6,558 /mo

EST. REFI PAYMENT

Est. Refi Payment: $8,464/mo

See current r

See current rat

## Home Shoppers are Waiting

Ask an agent about market conditions in your neighborhood.

Your name

Phone

Email

I own this home and would like to ask an agent about selling 958 Larkspur Rd, Oakland, CA 94610.

Contact Agent

Or call 510-345-0935 for more info

958 Larkspur Rd, Oakland, CA is a single family home that contains 2,782 sq ft and was built in 1925. It contains 4 bedrooms and 3 bathrooms. This home last sold for $800,000 in November 2002.

## Nearby Similar Sales

# EXHIBIT B



June 6, 2019

Matthew D. Metzger, Esq.
Belvedere Legal, PC
1777 Borel Place, Ste 314
San Mateo, CA 94402

Re: Account 274325-46
    Ganice Morgan-Austin & Darren Austin
    958 Larkspur Road
    Oakland, CA 94610

Mr. Metzger,

We received an authorized request from Chicago Title to provide updated reinstatement and payoff quotes. Please be advised that this payoff and reinstatement are being provided at your request but in no way limits Patelco's rights to demand a complete payoff and reject a reinstatement, if allowed pursuant to applicable law.  As requested, the reinstatement and payoff quotes are valid through June 30, 2019:

| **Reinstatement** | |
| --- | ---: |
| Past due to 6/30/19 | $212,434.98 |
| Unpaid Fees | $15,414.45 |
| Scheduled 7/1/19 payment | $2,724.33 |
| Foreclosure Fees/Costs | $5,463.01 |
| Unapplied Funds | ($1,891.23) |
| Total | $234,145.54 |

| **Payoff** | |
| --- | ---: |
| Past Due | $789,435.17 |
| Interest Due | $95,120.16 |
| Unpaid Fees | $15,414.45 |
| Foreclosure Fees/Costs | $5,463.01 |
| Unapplied Funds | $(1,891.23) |
| Total | $903,541.56 |

We hope this answers your request. To make a payment or if you have any further questions, please contact us at 800-358-8228 ext. 3999.

Sincerely,

Mr. Dana T. Graves
Mgr. Loan Workout, Title & Real Estate Solutions
Patelco Credit Union



*BANKRUPTCY ADVISEMENT: Patelco Credit Union is aware that your original loan obligation has been discharged in bankruptcy proceedings or is currently subject to a bankruptcy automatic stay. This notice is submitted in order for Patelco Credit Union to satisfy notification requirements mandated by law, and is for informational purposes only. Any payments you make on the referenced loan should be made solely to preserve your rights in the property given to secure your loan. If you have questions or concerns, please consult your bankruptcy attorney.*

# EXHIBIT C

Case Name: Darren Dwayne Austin, Ganice Morgan Austin    Case No.: 19-41221

**PROJECTED POST-PETITION CASH RECEIPTS AND CASH DISBURSEMENTS**
**FOR THE FIRST SIX-MONTHS BEGINNING:** 5/28/19 *(date of filing MM/DD/YY)*

|  | MONTH OF FILING | MONTH 2 | MONTH 3 | MONTH 4 | MONTH 5 | MONTH 6 |
|---|---|---|---|---|---|---|
| **BEGINNING CASH BALANCE** | | (1,689.30) | 10,521.58 | 22,082.46 | 34,293.34 | 46,504.22 |
| **Cash Receipts:** | | | | | | |
| Cash sales *(ordinary course)* | | | | | | |
| Rents/Leases Collected | | | | | | |
| Accounts Receivable Collected | | | | | | |
| Proceeds from Sale of Asset(s) | | | | | | |
| Debtor-Wage Income | | - | 10,376.92 | 10,376.92 | 10,376.92 | 10,376.92 | 10,376.92 |
| Joint Debtor- Commission Income | | - | 12,304.93 | 12,304.93 | 12,304.93 | 12,304.93 | 12,304.93 |
| Joint Debtor- Consulting Income | | - | 3,308.33 | 3,308.33 | 3,308.33 | 3,308.33 | 3,308.33 |
| | | - | | | | | |
| **Total Cash Receipts** | $ - | $ 25,990.18 | $ 25,990.18 | $ 25,990.18 | $ 25,990.18 | $ 25,990.18 |
| **Cash Disbursements:** | | | | | | |
| Payments to Vendors | | | | | | |
| Administrative Expenses | | | | | | |
| Payments on Secured Debt | | | 5,500.00 | 5,500.00 | 5,500.00 | 5,500.00 | 5,500.00 |
| Rent/Lease Payments | | | | | | |
| Pmts to Owner(s)/Officers/Insiders | | | | | | |
| Salaries/Commissions | | | | | | |
| Tax Pmts: | | | | | | |
|    Payroll Taxes - Employee | | | | | | |
|    Payroll Taxes - Employer | | | | | | |
|    Sales Taxes | | | | | | |
|    Real Property Taxes | | | | | | |
|    Other Taxes (self-employment tax) | 1,689.30 | 1,689.30 | 1,689.30 | 1,689.30 | 1,689.30 | 1,689.30 |
| Payments to Professionals | | | | | | |
| Pmt of United States Trustee Fees | | | 650.00 | | | 650.00 |
| Schedule J Expenses | | | 2,590.00 | 2,590.00 | 2,590.00 | 2,590.00 | 2,590.00 |
| New Junior Loan | | | 4,000.00 | 4,000.00 | 4,000.00 | 4,000.00 | 2,500.00 |
| | | | | | | |
| **Total Cash Disbursements** | $ 1,689.30 | $ 13,779.30 | $ 14,429.30 | $ 13,779.30 | $ 13,779.30 | $ 12,929.30 |
| **Net Increase/(Decrease) in Cash** | $ (1,689.30) | $ 12,210.88 | $ 11,560.88 | $ 12,210.88 | $ 12,210.88 | $ 13,060.88 |
| **ENDING CASH BALANCE** | (1,689.30) | 10,521.58 | 22,082.46 | 34,293.34 | 46,504.22 | 59,565.10 |