```
SCHEER LAW GROUP, LLP
JOSHUA L. SCHEER #242722
REILLY D. WILKINSON #250086
155 N. Redwood, Suite 100
San Rafael, CA 94903
Telephone: (415) 491-8900
Facsimile: (415) 491-8910
rwilkinson@scheerlawgroup.com
PH.061-13448S-M

Attorneys for
PATELCO CREDIT UNION, its successors and/or assignees
```

UNITED STATES BANKRUPTCY COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re:<br><br>DARREN DWAYNE AUSTIN and GANICE MORGAN AUSTIN dba Ganice Morgan-Austin<br><br>Debtors. | Bk. No.19-41221-CN<br><br>Chapter 11<br><br>**OPPOSITION TO DEBTORS' CONSOLIDATED MOTION TO: 1) EXTEND AUTOMATIC STAY AS TO JOINT DEBTOR GANICE MORGAN AUSTIN; AND 2) IMPOSE AUTOMATIC STAY AS TO DEBTOR DARREN DWAYNE AUSTIN**<br><br>Hearing –<br>Date: June 27, 2019<br>Time: 10:00 a.m.<br>Place: Bankruptcy Court<br>1300 Clay Street<br>Oakland, CA 94612<br>Courtroom 215 |

    PATELCO CREDIT UNION, its successors and/or assignees, Lender of the above-named Debtors ("**Lender**"), hereby submits this Opposition to Debtors' Motion To Extend the Automatic Stay as to All Creditors ("**Motion to Extend**") filed by DARREN DWAYNE AUSTIN and GANICE MORGAN AUSTIN ("**Debtors**"). This Opposition is based on the pleadings and records on file in this matter, the pleadings and records on file in the Debtors' prior bankruptcies, the Declaration of Dana Graves ("**Lender Declaration**") and the following memorandum. Lender also requests that the Court take Judicial Notice of certain

1

documents of public record and on file with this Court in accordance with Federal Rule of Evidence 201.

## I. INTRODUCTION

This is the eighth (8th) bankruptcy filed by one or both of the Debtors since July 2007. Debtors have made a habit of filing bankruptcy and not complying with Court orders and having the bankruptcies dismissed. Lender has been forced to file numerous motions for relief, enter into three (3) adequate protection orders, and oppose motions to modify, all while the arrears steadily increase. This bankruptcy is yet another in a long history of bad faith attempts to stall foreclosure. Despite Lender granting Debtors a loan modification, Debtors continue to default on the subject loan. Debtors have not provided any evidence that their circumstances have changed and that this bankruptcy was filed in good faith. As the Debtors have failed to rebut the presumption that this case was not filed in good faith, Debtors' Motion should be denied.

## II. FACTS

1. Lender is the current payee of a Promissory Note dated January 16, 2004 in the principal amount of $760,000.00 (the "**Note**") secured by a First Deed of Trust of same date, which bears interest as specified therein. [*See* Lender Declaration ¶3, Ex. 1]

2. The indebtedness evidenced by the Note is secured by a Deed of Trust (the "**Deed of Trust**") executed and recorded in Alameda County and which encumbers the real property located at 958 Larkspur Road, Oakland, CA 94610 (the "**Property**"). [*See* Lender Declaration ¶4, Ex. 2]

3. Lender is the current holder of the Note and maintains all beneficial interest relating to the subject loan. [*See* Lender Declaration ¶5]

4. Interest continues to accrue as set forth in the Note. [*See* Lender Declaration ¶6]

5. As of the bankruptcy filing date, the amount required to reinstate the loan was $222,274.29 and the amount required to payoff the loan was $943,089.80. [*See* Lender Declaration ¶7]

6.      This is the eighth (8th) bankruptcy filed by the one or both of the Debtor's since July 2007. [*See* Lender Declaration ¶8] A description of the bankruptcies is as follows:

**First Bankruptcy**

On July 11, 2007, Debtors filed a Petition under Chapter 13 of the Bankruptcy Code, No. 07-42148-RJN ("**First Bankruptcy**"). Lender filed a Motion for Relief from Stay on November 7, 2007 for failure to make payments. On November 28, 2007, the Court entered an Agreed Order Resolving Lender's Motion for Relief from Stay ("**First Adequate Protection Order**") [*See* Lender Dec. Ex. 3]. On December 17, 2007, Lender filed a Declaration Regarding Breach of Order for Debtor failure to comply with the First Adequate Protection Order.  On January 9, 2008, Debtors filed Motions to Dismiss Chapter 13 Case. On January 11, 2008, the Court entered an Order of Dismissal of the First Bankruptcy. [*See* Lender Dec. Ex. 4]

**Second Bankruptcy**

On January 29, 2008, just over two weeks after they voluntarily dismissed their First Bankruptcy, Debtors filed a Petition under Chapter 13 of the Bankruptcy Code, No. 08-40399-LJT ("**Second Bankruptcy**"). On February 8, 2008, Debtors filed a Motion to Extend Stay as to all Creditors. Lender opposed the Motion to Extend Stay and on February 25, 2008, the Court entered an Order Extending Stay to All Creditors Except Lender. On April 16, 2008 the Court entered an Adequate Protection Order and on May 22, 2008 the Court entered an Amended Adequate Protection Order ("**Second Adequate Protection Order**"). [*See* Lender Dec. Ex. 5] On May 23, 2008, Lender filed Declaration Regarding Breach of Order for failure to comply with terms of the Second Adequate Protection Order. Debtor was in default in regular monthly payments to Lender as well as payments to the Chapter 13 Trustee. On July 15, 2008, the Chapter 13 Trustee filed a Motion to Dismiss Chapter 13 Case for Failure to Make Plan Payments. On September 2, 2008, the Chapter 13 Trustee filed another Motion to Dismiss Chapter 13 Case for Failure to Make Plan Payments.   On November 3, 2008, the Chapter 13 Trustee filed a Motion to Dismiss Proceedings for failure to complete plan modification. On November 19, 2008, Lender filed another Declaration Regarding Breach of Order for failure to comply with terms of the Second Adequate Protection Order. Debtor was in default in regular

monthly payments to Lender as well as payments to the Chapter 13 Trustee. On June 2, 2009 the Court entered an Order of Dismissal for failure to complete plan modification. [*See* Lender Dec. Ex. 6]

**Third Bankruptcy**

On September 14, 2009, Debtors filed a Petition under Chapter 7 of the Bankruptcy Code, No. 09-48628-EDJ ("**Third Bankruptcy**"). Lender filed a Motion for Relief from the Automatic Stay on November 5, 2009. The Order Vacating Automatic Stay was entered on December 11, 2009. [*See* Lender Dec. Ex. 7] Debtors received their discharge on February 7, 2010.

**Fourth Bankruptcy**

On July 15, 2011, Debtors filed a Petition under Chapter 13 of the Bankruptcy Code, No. 11-47516-RLE ("**Fourth Bankruptcy**"). Lender filed a Motion for Relief from the Automatic Stay on August 24, 2011. On September 26, 2011 the Court entered an Adequate Protection Order ("**Third Adequate Protection Order**"). [*See* Lender Dec. Ex. 8] Due to Debtors failure to comply with the terms of the Third Adequate Protection Order, Lender restored the Motion for Relief from Stay on October 19, 2011. On November 8, 2011, Lender filed a Notice of Termination of the Automatic Stay for failure to comply with the terms of the Third Adequate Protection Order. [*See* Lender Dec. Ex. 9] On November 21, 2011, the Chapter 13 Trustee filed a Motion to Dismiss Chapter 13 Case for Failure to Make Plan Payments. The Court entered an Order of Dismissal Prior to Confirmation of Plan on December 13, 2011. [*See* Lender Dec. Ex. 10]

**Fifth Bankruptcy**

On September 3, 2015, Debtor, Ganice Morgan Austin, filed a Petition under Chapter 13 of the Bankruptcy Code, Case No. 15-42735-WJL ("**Fifth Bankruptcy**"). On February 25, 2016 Debtor confirmed a Plan in the Fifth Bankruptcy in which she was to make monthly plan payments in the amount of $500.00 for the first three months and then $820.00 for 57 months. In addition, Debtor was to sell or refinance the Property by December 2016. The Plan also provided that Lender would receive $15.00 per month on its arrears until the Property was sold.

4

Debtor never complied with her confirmed plan and instead, the Trustee had filed eight motions to dismiss, and the Debtor had filed four motions to modify and entered into one informal suspension of default with the Trustee[1]. Each time the Debtor filed a motion to modify she requested more time to sell or refinance the Property. This never happened. The Fifth Bankruptcy was dismissed on June 20, 2018 after Lender opposed the last motion to modify.

**Sixth Bankruptcy**

On December 27, 2017, Debtors filed a Petition under Chapter 13 of the Bankruptcy Code, Case No. 17-43173. ("**Sixth Bankruptcy**"). On January 8, 2018, Debtors filed a motion to extend the stay as to all creditors. On January 25, 2018, Lender filed opposition to Debtors' Motion to Extend. The Motion to Extend was denied as to Debtor, Ganice Morgan-Austin and deemed moot as to Debtor Darren Austin as he had a prior bankruptcy dismissed in the preceding 12 months. [*See* Lender Dec. Ex. 12] On May 24, 2018, the Trustee filed a Motion to Dismiss

---

[1] On October 7, 2015, the Trustee filed a Motion to Dismiss or Convert Chapter 13 Case for Failure to Make Plan Payments, Docket No. 24 ("First Motion to Dismiss")

On November 4, 2015, the Trustee filed another Motion to Dismiss or Convert Chapter 13 Case for Failure to Make Plan Payments, Docket No. 34 ("Second Motion to Dismiss").

On January 8, 2016, the Trustee filed another Motion to Dismiss or Convert Chapter 13 Case for Failure to Make Plan Payments, Docket No. 59 ("Third Motion to Dismiss").

On January 22, 2016, the Trustee filed another Motion to Dismiss or Convert Chapter 13 Case for Failure to Make Plan Payments, Docket No. 66 ("Fourth Motion to Dismiss").

On February 5, 2016, the Trustee filed another Motion to Dismiss or Convert Chapter 13 Case for Failure to Make Plan Payments, Docket No. 70 ("Fifth Motion to Dismiss").

On April 13, 2016, the Trustee filed another Motion to Dismiss or Convert Chapter 13 Case for Failure to Make Plan Payments, Docket No. 79 ("Sixth Motion to Dismiss"). On May 6, 2016, Debtor and the Trustee entered into a stipulation to cure the default, Docket No. 80.

On September 15, 2016, the Trustee filed another Motion to Dismiss or Convert Chapter 13 Case for Failure to Make Plan Payments, Docket No. 86 ("Seventh Motion to Dismiss").

On December 21, 2016 Debtor filed Motion to Modify Chapter 13 Plan, Docket No.88 ("First Motion to Modify"). Pursuant to the First Motion to Modify, Debtor proposed to sell or refinance the Property by April 30, 2017.

On January 26, 2017, Debtor filed an Amended Motion to Modify Chapter 13 Plan, Docket No. 92 ("Amended Motion to Modify"). Pursuant to the Amended Motion to Modify, Debtor also proposed to sell or refinance the Property by April 30, 2017. On March 3, 2017, the Court entered an order granting the Amended Motion to Modify.

On May 2, 2017, Debtor filed a Motion to Modify Plan, Docket No. 96 ("Third Motion to Modify"). Pursuant to the Third Motion to Modify, Debtor proposed to sell of refinance the Property by July 31, 2017.

On May 2, 2017, the Trustee filed another Motion to Dismiss Chapter 13 Case, Docket No. 99 ("Eighth Motion to Dismiss") for failure to comply with the Plan regarding the sale or refinance of the Property.

On July 17, 2017, Debtor filed a Motion to Modify Plan, Docket No.104 ("Fourth Motion to Modify"). Pursuant to the Fourth Motion to Modify, Debtor claimed that her income has increased and she wanted to keep the Property. Lender opposed the Fourth Motion to Modify and the Fifth Bankruptcy was dismissed on August 20, 2017. [*See* Lender Dec. Ex. 11]

5

for Debtor's failure to make plan payments. On June 20, 2018, the Court entered an Order of Dismissal after Default of Chapter 13 Plan Payments. [*See* Lender Dec. Ex. 13]

**Seventh Bankruptcy**

On July 3, 2018, Darren Dwayne Austin filed a Petition under Chapter 13 of the Bankruptcy Code, Case No. 18-41541. ("**Seventh Bankruptcy**"). Shortly thereafter, on July 19, 2018, the Trustee filed a Motion to Dismiss Case and the Court entered an Order of Dismissal for Failure to Comply. [*See* Lender Dec. Ex. 14]

**Eighth/ Current Bankruptcy**

On May 28, 2019, Debtors filed a Petition under Chapter 11 of the Bankruptcy Code, Case No. 19-41221. ("**Current Bankruptcy**"). On June 13, 2019, Debtors filed a Motion to Extend/Impose Automatic Stay, with a hearing scheduled for June 27, 2019.

7.  In addition to the eight (8) bankruptcies, the Debtors have filed two lawsuits as well. [*See* Lender Declaration ¶9]

**First Lawsuit and Modification**

On December 9, 2011, four (4) days before the Fourth Bankruptcy was dismissed, Debtors filed an action against Lender in Alameda Superior Court, Case No. RG11607656 ("**First Lawsuit**"). On March 7, 2012, Lender and Debtors entered into a settlement agreement and Lender provided Debtors with a modification. [*See* Lender Dec. Ex. 15]

**Second Lawsuit and Lender's Offer of Payment Plan**

On July 27, 2018, a month after the Sixth Bankruptcy was dismissed, Debtors filed an action against Lender in Alameda Superior Court, Case No. RG18910554 ("**Second Lawsuit'"**"). In the Second Lawsuit, Debtors alleged Lender's Notice of Default was invalid because Defendant failed to contact them to discuss foreclosure alternatives. Lender disagreed, as it had provided Debtors with a modification and worked with the Debtors through 7 prior bankruptcies. However, in the interest of working with Debtors, Lender rescinded its Notice of Default and reached out to Debtors again to provide Debtors with foreclosure alternatives. The Debtors submitted a loan modification application, which was denied. However, Lender did offer Debtors a repayment plan that would allow them to avoid foreclosure and stay in the Property

based on the information provided in their loan modification application. [*See* Lender Dec. Ex. 16] Debtors declined to accept the repayment plan agreement as Debtor, Ganice Morgan-Austin's income was not consistent and that Debtors were instead applying for a loan to reinstate, not payoff Lender's loan.

On March 1, 2019, after a new Notice of Default had been filed, Lender's agent determined that a prior Notice of Default from 2007 was still on record as well ("**2007 Notice of Default**"). Lender rescinded the 2007 Notice of Default on May 7, 2019. The 2007 Notice of Default and subsequent rescission had nothing to do with the most recent Notice of Default.

### III. ARGUMENT
**Debtors' Motion to Extend the Automatic Stay Should Be Denied As the Presumption Regarding the Debtors' Lack of Good Faith Has Not Been Rebutted**

A. Standard

In determining whether the case has been filed in good faith, the court shall consider whether the presumption set out in section 362(c)(3)(C), that the case was not filed in good faith is applicable, and, if so, whether the moving party has rebutted the presumption *with clear and convincing evidence* to the contrary. Section 362(c)(3)(C)(i) provides that the latter case is presumed to be filed not in good faith, as to all creditors, if:

a) more than 1 previous case under this title in which the individual was a debtor were pending within a 1 year period;

b) the prior case in which the individual was a debtor was dismissed within the 1 year period after the debtor failed to file or amend without substantial excuse, failed to provide adequate protection ordered by the court, or failed to perform the terms of a confirmed plan; or

c) there has not been a substantial change in the debtor's financial or personal affairs since the dismissal of the prior case, or there has not been any other reason to conclude that the latter case will be concluded either with a discharge if it is a chapter 7 case or with a confirmed plan that will be fully performed if it is a chapter 11 or 13 case.

The Debtor must rebut the presumption by providing *clear and convincing* evidence that the most recent case is filed in good faith. Courts have held that in order for a Debtor to establish his or her good faith, a debtor must show that he or she: 1. filed the case "to obtain legitimate bankruptcy law protection"; 2. "is eligible for such protection and relief";3. "is pursuing such protection and relief honestly"; and 4. "has sufficient resources to render [the] pursuit thereof meaningful". *In re DiGiovanni*, 415 B.R. 120, 129 (Bankr. E.D. Pa. 2009) (citing the Court's test in *In re Sarafoglou*, 345 B.R. 19 (Bankr. D. Mass. 2006)). Ninth Circuit Bankruptcy Courts have used a similar "totality of the circumstances" test in analyzing good faith for purposes of determining the good faith of a Chapter 13 repeat filing. This test includes: (1) whether Debtor misrepresented facts in the petition or the plan, unfairly manipulated the Bankruptcy Code or otherwise filed the current Chapter 13 plan or petition in an inequitable manner; (2) Debtor's history of filings and dismissals; (3) whether Debtor only intended to defeat state court litigation; and (4) whether egregious behavior is present. *In Re Montoya*, 342 B.R. 312 (Bankr. S.D. Cal 2006).While the ordinary burden of proof in bankruptcy is a preponderance of the evidence, Section 362(c)(3)(C) raises the burden to the higher "clear and convincing" standard.

Here, the Debtors have made a habit of filing bankruptcy and failing to comply with their proposed plans.

**Eight Bankruptcies Since July 2007**

The Debtors have eight bankruptcies since July of 2007. All but one of those bankruptcies, a Chapter 7, were dismissed. Lender has been forced to file three (3) motions for relief, oppose four (4) motions to extend (including this opposition), enter into three (3) Adequate Protection Orders; and oppose a motion to modify, all while arrears on its loan increase while the Debtors continue possession of the Property with no intent on reorganizing. Debtors are not acting in good faith and have provided no evidence that that this bankruptcy was filed in good faith, let alone provide clear and convincing evidence.

In the Fifth Bankruptcy, Debtors made numerous promises to sell or refinance the Property, yet failed to do so and the case was dismissed. Now the Debtors allege that they have

1 | obtained financing to reinstate the loan and cure government liens on the Property. However,
2 | this financing has contingencies. Nothing has changed.
3 | It should also be noted that the Debtors have filed individually numerous times in order
4 | to obtain the benefit of the automatic stay and avoid the penalties of refiling within a 12 month
5 | period. Joint Debtor Darren Dwayne Austin admits this bad faith tactic in his declaration [See
6 | Declaration of Darren Dwayne Austin, ¶ 10.] Debtors should not be able to abuse the bankruptcy
7 | system by repeated bankruptcy filings while it is clear they have no intention of reorganizing.

**No Changed Circumstances**

This case is presumed not to be in good faith given that 11 U.S.C. § 362(c)(3) applies. Debtors have not provided a legitimate change in their financial or personal affairs since the dismissal of the prior case.

Nothing in Debtors' Motion or supporting declaration discusses if their circumstances have changed since the prior bankruptcies. The only change in circumstance that can be gleaned from the Debtors' Motion is that they may have financing, with contingencies, to reinstate Lender's loan. This is a similar promise that has been made numerous times. As there is no change in circumstances. This motion should be denied.

**Lender's Notice of Default is Valid**

In passing, Debtors mention that Lender rescinded a Notice of Default and still proceeded with a Notice of Sale. As discussed above, on March 1, 2019, after a new Notice of Default had been filed, Lender's agent determined that a prior Notice of Default from 2007 was still on record as well ("2007 Notice of Default"). Lender rescinded the 2007 Notice of Default on May 7, 2019. The 2007 Notice of Default and subsequent rescission had nothing to do with the most recent Notice of Default. The current Notice of Default it valid.

**Lender's Repeated Attempts to Work with Debtors**

Either Debtors cannot afford the subject Property or they are choosing not to make payments on the loan. After four (4) bankruptcies, Lender offered Debtors a modification which they accepted. They defaulted and filed two more bankruptcies. Then as part of more litigation, Lender offered Debtors a repayment plan, which they rejected. It is apparent that Debtors do not

want to face their obligations on the loan and are much more comfortable filing repeated bankruptcies with no intent on reorganizing.

## IV. CONCLUSION

The Debtors have the burden of proving by clear and convincing evidence that the present bankruptcy was filed in good faith. Not only have the Debtors failed to overcome their burden, but they have failed to provide any evidence to support their request or to show changed circumstances. The Debtors have not met their burden for the reasons describe above. Accordingly, the Motion to Extend should be denied.

SCHEER LAW GROUP, LLP

DATED: June 26, 2019            /s/REILLY D. WILKINSON
                                #250086