SCHEER LAW GROUP, LLP
JOSHUA L. SCHEER #242722
REILLY D. WILKINSON #250086
155 N. Redwood Drive, Suite 100
San Rafael, CA 94903
Telephone: (415) 491-8900
Facsimile: (415) 491-8910
rwilkinson@scheerlawgroup.com
PH.061-13448S-M

Attorneys for Opposing Creditor
PATELCO CREDIT UNION, its successors and/or assignees

UNITED STATES BANKRUPTCY COURT FOR

THE NORTHEN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

In re:

DARREN DWAYNE AUSTIN and GANICE MORGAN AUSTIN dba Ganice Morgan-Austin,

Debtors.

Bk. No. 19-41221

Chapter 11

DECLARATION IN SUPPORT OF OPPOSITION TO DEBTORS' MOTION TO EXTEND/IMPOSE AUTOMATIC STAY

Hearing-
Date: June 27, 2019
Time: 10:00am
Place: Bankruptcy Court
1300 Clay Street
Oakland, CA 94612
Courtroom 215

I, Dana Graves, declare and state:

1. As to the following facts, I know them to be true of my own personal knowledge and if called upon to testify in this action, I could and would testify competently to the following facts personally known to me to be true.

2. I am an employee of PATELCO CREDIT UNION, which is the moving party herein ("Lender"). I am the employee of Lender most familiar with this case and the facts herein, the designated custodian of records and am authorized to make these statements on behalf of Lender. I have reviewed the loan service records of Lender before making these statements. The loan service records are kept in the regular course of business, at or near the time of the

event which is noted or memorialized.

3. Lender is the current payee of a Promissory Note dated January 16, 2004 in the principal amount of $760,000.00 (the "**Note**") secured by a First Deed of Trust of same date, which bears interest as specified therein. The original Note is held by Lender and a copy is attached hereto as Exhibit "1" and is incorporated herein by reference.

4. The indebtedness evidenced by the Note is secured by a Deed of Trust (the "**Deed of Trust**") executed and recorded in Alameda County and which encumbers the real property located at **958 Larkspur Road, Oakland, CA 94610**, (the "**Property**"). Copies of the Deed of Trust and all assignments are attached hereto as Exhibit "2" and incorporated herein by reference.

5. Lender is the current holder of the Note and maintains all beneficial interest relating to the subject loan.

6. Interest continues to accrue as set forth in the Note.

7. As of the bankruptcy filing date, the amount required to reinstate the loan was $222,274.29 and the amount required to payoff the loan was $943,089.80.

8. This is the eighth (8th) bankruptcy filed by one or both of the Debtors since July 2007. A description of the bankruptcies are below:

**First Bankruptcy**

On July 11, 2007, Debtors filed a Petition under Chapter 13 of the Bankruptcy Code, No. 07-42148-RJN ("**First Bankruptcy**"). Lender filed a Motion for Relief from Stay on November 7, 2007 for failure to make payments. On November 28, 2007, the Court entered an Agreed Order Resolving Lender's Motion for Relief from Stay ("**First Adequate Protection Order**"). A true and correct copy of the First Adequate Protection Order is attached hereto as Exhibit "3." On December 17, 2007, Lender filed a Declaration Regarding Breach of Order for Debtor failure to comply with the First Adequate Protection Order. On January 9, 2008, Debtors filed Motions to Dismiss Chapter 13 Case. On January 11, 2008, the Court entered an Order of Dismissal of the First Bankruptcy. A true and correct copy of the Order of Dismissal of the First Bankruptcy is attached hereto as Exhibit "4."

**Second Bankruptcy**

On January 29, 2008, just over two weeks after they voluntarily dismissed their First Bankruptcy, Debtors filed a Petition under Chapter 13 of the Bankruptcy Code, No. 08-40399-LJT ("**Second Bankruptcy**"). On February 8, 2008, Debtors filed a Motion to Extend Stay as to all Creditors. Lender opposed the Motion to Extend Stay and on February 25, 2008, the Court entered an Order Extending Stay to All Creditors Except Lender. On April 16, 2008 the Court entered an Adequate Protection Order and on May 22, 2008 the Court entered an Amended Adequate Protection Order ("**Second Adequate Protection Order**"). A true and correct copy of the Second Adequate Protection Order is attached hereto as Exhibit "5." On May 23, 2008, Lender filed Declaration Regarding Breach of Order for failure to comply with terms of the Second Adequate Protection Order. Debtor was in default in regular monthly payments to Lender as well as payments to the Chapter 13 Trustee. On July 15, 2008, the Chapter 13 Trustee filed a Motion to Dismiss Chapter 13 Case for Failure to Make Plan Payments. On September 2, 2008, the Chapter 13 Trustee filed another Motion to Dismiss Chapter 13 Case for Failure to Make Plan Payments. On November 3, 2008, the Chapter 13 Trustee filed a Motion to Dismiss Proceedings for failure to complete plan modification. On November 19, 2008, Lender filed another Declaration Regarding Breach of Order for failure to comply with terms of the Second Adequate Protection Order. Debtor was in default in regular monthly payments to Lender as well as payments to the Chapter 13 Trustee. On June 2, 2009 the Court entered an Order of Dismissal for failure to complete plan modification. A true and correct copy of the Order dismissing the Second Bankruptcy is attached hereto as Exhibit "6."

**Third Bankruptcy**

On September 14, 2009, Debtors filed a Petition under Chapter 7 of the Bankruptcy Code, No. 09-48628-EDJ ("**Third Bankruptcy**"). Lender filed a Motion for Relief from the Automatic Stay on November 5, 2009. The Order Vacating Automatic Stay was entered on December 11, 2009. A true and correct copy of the Order Vacating the Stay in the Third Bankruptcy is attached hereto as Exhibit "7." Debtors received their discharge on February 7, 2010.

**Fourth Bankruptcy**

On July 15, 2011, Debtors filed a Petition under Chapter 13 of the Bankruptcy Code, No. 11-47516-RLE ("**Fourth Bankruptcy**"). Lender filed a Motion for Relief from the Automatic Stay on August 24, 2011. On September 26, 2011 the Court entered an Adequate Protection Order ("**Third Adequate Protection Order**"). A true and correct copy of the Third Adequate Protection Order is attached hereto as Exhibit "8." Due to Debtors failure to comply with the terms of the Third Adequate Protection Order, Lender restored the Motion for Relief from Stay on October 19, 2011. On November 8, 2011, Lender filed a Notice of Termination of the Automatic Stay for failure to comply with the terms of the Third Adequate Protection Order. A true and correct copy of the Notice of Termination of Stay entered in the Fourth Bankruptcy is attached hereto as Exhibit "9" On November 21, 2011, the Chapter 13 Trustee filed a Motion to Dismiss Chapter 13 Case for Failure to Make Plan Payments. The Court entered an Order of Dismissal Prior to Confirmation of Plan on December 13, 2011. A true and correct copy of the Order Dismissing the Fourth Bankruptcy is attached hereto as Exhibit "10."

**Fifth Bankruptcy**

On September 3, 2015, Debtor, Ganice Morgan Austin, filed a Petition under Chapter 13 of the Bankruptcy Code, Case No. 15-42735-WJL ("**Fifth Bankruptcy**"). On February 25, 2016 Debtor confirmed a Plan in the Fifth Bankruptcy in which she was to make monthly plan payments in the amount of $500.00 for the first three months and then $820.00 for 57 months. In addition, Debtor was to sell or refinance the Property by December 2016. The Plan also provided that Lender would receive $15.00 per month on its arrears until the Property was sold.

On October 7, 2015, the Trustee filed a Motion to Dismiss or Convert Chapter 13 Case for Failure to Make Plan Payments, Docket No. 24 ("**First Motion to Dismiss**")

On November 4, 2015, the Trustee filed another Motion to Dismiss or Convert Chapter 13 Case for Failure to Make Plan Payments, Docket No. 34 ("**Second Motion to Dismiss**").

On January 8, 2016, the Trustee filed another Motion to Dismiss or Convert Chapter 13 Case for Failure to Make Plan Payments, Docket No. 59 ("**Third Motion to Dismiss**").

///

1   On January 22, 2016, the Trustee filed another Motion to Dismiss or Convert Chapter 13
2   Case for Failure to Make Plan Payments, Docket No. 66 ("**Fourth Motion to Dismiss**").
3   On February 5, 2016, the Trustee filed another Motion to Dismiss or Convert Chapter 13
4   Case for Failure to Make Plan Payments, Docket No. 70 ("**Fifth Motion to Dismiss**").
5   On April 13, 2016, the Trustee filed another Motion to Dismiss or Convert Chapter 13
6   Case for Failure to Make Plan Payments, Docket No. 79 ("**Sixth Motion to Dismiss**"). On May
7   6, 2016, Debtor and the Trustee entered into a stipulation to cure the default, Docket No. 80.
8   On September 15, 2016, the Trustee filed another Motion to Dismiss or Convert Chapter
9   13 Case for Failure to Make Plan Payments, Docket No. 86 ("**Seventh Motion to Dismiss**").
10  On December 21, 2016 Debtor filed Motion to Modify Chapter 13 Plan, Docket No.88
11  ("**First Motion to Modify**"). Pursuant to the First Motion to Modify, Debtor proposed to sell or
12  refinance the Property by April 30, 2017.
13  On January 26, 2017, Debtor filed an Amended Motion to Modify Chapter 13 Plan,
14  Docket No. 92 ("**Amended Motion to Modify**"). Pursuant to the Amended Motion to Modify,
15  Debtor also proposed to sell or refinance the Property by April 30, 2017. On March 3, 2017, the
16  Courtentered an order granting the Amended Motion to Modify.
17  On May 2, 2017, Debtor filed a Motion to Modify Plan, Docket No. 96 ("**Third Motion**
18  **to Modify**"). Pursuant to the Third Motion to Modify, Debtor proposed to sell of refinance the
19  Property by July 31, 2017.
20  On May 2, 2017, the Trustee filed another Motion to Dismiss Chapter 13 Case, Docket
21  No. 99 ("**Eighth Motion to Dismiss**") for failure to comply with the Plan regarding the sale or
22  refinance of the Property.
23  On July 17, 2017, Debtor filed a Motion to Modify Plan, Docket No.104 ("**Fourth**
24  **Motion to Modify**"). Pursuant to the Fourth Motion to Modify, Debtor claimed that her income
25  has increased and she wanted to keep the Property. Lender opposed the Fourth Motion to
26  Modify and the Fifth Bankruptcy was dismissed on August 21, 2017. A true and correct copy of
27  the Order dismissing the Fifth Bankruptcy is attached hereto as Exhibit "11." By the time the
28  Fifth Bankruptcy was dismissed, the Trustee had filed eight motions to dismiss, the Debtor had

filed four motions to modify and entered into one informal suspension of default with the Trustee.

**Sixth Bankruptcy**

On December 27, 2017, Debtors filed a Petition under Chapter 13 of the Bankruptcy Code, Case No. 17-43173. ("**Sixth Bankruptcy**"). On January 8, 2018, Debtors filed a motion to extend the stay as to all creditors. On January 25, 2018, Lender filed opposition to Debtors' Motion to Extend. The Motion to Extend was denied as to Debtor, Ganice Morgan-Austin and deemed moot as to Debtor Darren Austin as he had a prior bankruptcy dismissed in the preceding 12 months. A true and correct copy of the Order on Debtors' Motion to Extend is attached hereto as Exhibit "12" On May 24, 2018, the Trustee filed a Motion to Dismiss for Debtor's failure to make plan payments. On June 20, 2018, the Court entered an Order of Dismissal after Default of Chapter 13 Plan Payments. A true and correct copy of the Order Dismissing the Sixth Bankruptcy is attached hereto as Exhibit "13."

**Seventh Bankruptcy**

On July 3, 2018, Darren Dwayne Austin filed a Petition under Chapter 13 of the Bankruptcy Code, Case No. 18-41541. ("**Seventh Bankruptcy**"). Shortly thereafter, on July 19, 2018, the Trustee filed a Motion to Dismiss Case and the Court entered an Order of Dismissal for Failure to Comply. A true and correct copy of the Order Dismissing the Seventh Bankruptcy is attached hereto as Exhibit "14."

**Eighth/ Current Bankruptcy**

On May 28, 2019, Debtors filed a Petition under Chapter 11 of the Bankruptcy Code, Case No. 19-41221. ("**Current Bankruptcy**"). On June 13, 2019, Debtors filed a Motion to Extend/Impose Automatic Stay, with a hearing scheduled for June 27, 2019.

9. In addition to the eight (8) bankruptcies, the Debtors have filed two lawsuits as well.

**First Lawsuit and Modification**

On December 9, 2011, four (4) days before the Fourth Bankruptcy was dismissed, Debtors filed an action against Lender in Alameda Superior Court, Case No. RG11607656

("**First Lawsuit**"). On March 7, 2012, Lender and Debtors entered into a settlement agreement and Lender provided Debtors with a modification. A true and correct copy of the Settlement and Addendum is attached hereto as Exhibit "15."

**Second Lawsuit and Lender's Offer of Payment Plan**

On July 27, 2018, a month after the Sixth Bankruptcy was dismissed, Debtors filed an action against Lender in Alameda Superior Court, Case No. RG18910554 ("**Second Lawsuit**""). In the Second Lawsuit, Debtors alleged Lender's Notice of Default was invalid because Defendant failed to contact them to discuss foreclosure alternatives. Lender disagreed, as it had provided Debtors with a modification and worked with the Debtors through 7 prior bankruptcies. However, in the interest of working with Debtors, Lender rescinded its Notice of Default and reached out to Debtors again to provide Debtors with foreclosure alternatives. The Debtors submitted a loan modification application, which was denied. However, Lender did offer Debtors a repayment plan that would allow them to avoid foreclosure and stay in the Property based on the information provided in their loan modification application. A true and correct copy of the repayment plan agreement is attached hereto as Exhibit "16." Debtors declined to accept the repayment plan agreement as Debtor, Ganice Morgan-Austin's income was not consistent and that Debtors were instead applying for a loan to reinstate, not payoff Lender's loan.

On March 1, 2019, after a new Notice of Default had been filed, Lender's agent determined that a prior Notice of Default from 2007 was still on record as well ("**2007 Notice of Default**"). Lender rescinded the 2007 Notice of Default on May 7, 2019. The 2007 Notice of Default and subsequent rescission had nothing to do with the most recent Notice of Default.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this Declaration was executed on June 25, 2019, at Pleasanton, CA (city, state).

**DECLARANT**